# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

## EDELIN *v.* DISTRICT OF COLUMBIA.

CONDEMNATION OF LAND; JUDGMENT; JURISDICTION.

Failure to comply with the requirement of the act of Congress of June 21, 1906 (34 Stat. at L. 384, chap. 3505), relating to the establishment of building lines on streets by condemnation proceedings, that one of the duplicate plats showing the location of the proposed building line, etc., accompanying the petition for condemnation, shall be returned by the clerk of the court to the surveyor of the District of Columbia for record in his office, will not invalidate the judgment rendered in such a condemnation proceeding, the fulfilment of such requirement not being necessary to give the court jurisdiction. (Distinguishing *Fay* v. *Macfarland*, 32 App. D. C. 295.)

No. 2965. Submitted December 8, 1916. Decided January 2, 1917.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia dismissing a

Note.—Authorities discussing the question as to the power to establish a building line are collated in notes in 42 L.R.A.(N.S.) 1123; 44 L.R.A. (N.S.) 1030; and L.R.A.1915C, 981.

Vol. XLVI.—1.

petition for the vacation of a judgment in a proceeding to condemn land for the purpose of establishing a building line.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal [by Hattie A. Edelin] is from a decree in the supreme court of the district dismissing appellant's bill seeking to have vacated a judgment of the district court confirming the verdict of a condemnation jury in the matter of the establishment of a certain building line under the provisions of the act of June 21, 1906 (34 Stat. at L. 384, chap. 3505; *Newman* v. *Newman,* 42 App. D. C. 588).

The above act authorizes the commissioners to establish building lines on streets or parts of streets in the District less than 90 feet wide upon the petition of the owners of more than one half of the real estate required for the establishment of the building line, or when the commissioners deem that the public interests require the establishment of such building lines. The act further requires the commissioners, when either of the foregoing steps have been taken, to "institute condemnation proceedings in the supreme court of the District of Columbia, sitting as a district court, by a petition *in rem,* particularly describing the land to be taken," the petition to be "accompanied by duplicate plats, to be prepared by the surveyor of said District, showing the location of said proposed building lines, the number of square feet to be taken from each lot or part of lot, and the boundaries thereof in each square or block, and such other information as may be necessary for the purposes of such condemnation." Upon the filing of the petition "one copy of the plat," indorsed with the docket number of the case, is to be returned by the clerk of the court "to the said surveyor for record in his office." The proceedings must be in accordance with the provisions of section 1608f to section 1612, inclusive, of the Code [33 Stat. at L. 734–737, chap. 734.]

Under the above provisions of the Code, the court is required to cause public notice of not less than ten days to be given of

the filing of said proceedings, and, in addition to such public notice, whenever in the judgment of the court it is practicable to do so, to cause a copy of the notice to be served by the United States marshal or his deputies upon the owners of the land to be condemned.

In her petition appellant avers that she has not submitted to the jurisdiction of the court; that, until after service of a bill upon her for the assessment against her, she did not investigate the regularity of the condemnation proceedings, having "assumed that the Commissioners of the District of Columbia at all times would take proper steps and safeguard her property rights, and not omit to comply strictly with all provisions of the statute made for the protection of the public in these matters." She then avers that a duplicate copy of said plat was not returned to the surveyor for record in his office. The question here, therefore, is whether this omission deprived the court of jurisdiction.

*Mr. George C. Gertman* for the appellant.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. James F. Smith,* Assistant, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The learned trial justice ruled that the provisions of the statute requiring the filing with the surveyor of a copy of said plat "is obviously one of an administrative character only, and for the benefit of the surveyor's office, and does not constitute a condition precedent to the institution of the proceeding." The correctness of this conclusion is apparent when the above act and the applicable provisions of the Code are considered together.

Condemnation proceedings are not instituted to determine whether a building line shall be established, but to award damages and assess benefits. As we have seen, upon the institution of such proceedings public notice is required to be given inter-

ested parties; and in the case of a resident party, like the appellant, personal service is made. The notice is of the pendency of the proceedings in court, where the entire record may be found. That the surveyor may have a record in his office, for the subsequent information and convenience of the District authorities and the general public, it is made the duty of the clerk to send him a copy of the plat. But the filing of this copy of the plat is no part of the condemnation proceedings. In other words, the intent was to preserve a record of what had been done, rather than to notify anyone of what was to be done.

*Fay* v. *Macfarland,* 32 App. D. C. 295, is not apposite. That was a condemnation proceeding to award damages and assess benefits incident to the extension of an alley; and it was alleged, and not denied, that less than the required number of real estate owners had signed the petition to the commissioners. It was further alleged, and not denied, that the commissioners had failed to determine the question of the public interests. There was therefore no basis for the condemnation proceedings. The sole question here is whether the omission of a mere administrative detail, after the regular institution of the condemnation proceedings, ousted the court of jurisdiction.

Finding no error we affirm the decree, with costs.

*Affirmed.*